UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TACORI ENTERPRISES, | : | Case No. 1:05cv2241 |
| Plaintiff, | : | JUDGE O'MALLEY |
| v. | : | |
| REGO MANUFACTURING, | : | **OPINION & ORDER** |
| Defendant. | : | |

This order resolves *Non-Party Beverlly Jewellry Company Limited's F.R.C.P. Rule 24 Motion to Intervene* (Doc. 33) ("Motion to Intervene").[1] Non-party Beverlly Jewellry Co., Ltd. ("Beverlly") seeks permissive intervention in the above-captioned matter pursuant to Rule 24(b) of the Federal Rules of Civil Procedure, a request that is opposed by Plaintiff Tacori Enterprises ("Plaintiff" or "Tacori"). For the reasons articulated below, the Court **DENIES** Beverlly's Motion to Intervene.

**I.    BACKGROUND**

Plaintiff Tacori, Defendant Rego Manufacturing ("Defendant" or "Rego"), and non-party Beverlly are all corporations that design, manufacture and/or sell jewelry. On September 23, 2005, Tacori filed a complaint against Rego, asserting counts for federal copyright

---

[1] There are several motions currently pending before the Court in this matter, including a Motion for Leave to Amend the pleadings filed by Defendant (Doc. 30), an Amended Motion for a Letter of Request filed by Plaintiff (Doc. 31), a Motion to Consolidate Cases filed by Defendant (Doc. 38), and a Motion to Impose Rule 11 Sanctions filed by Plaintiff (Doc. 40). Those motions will be addressed at a later time.

infringement, federal trade dress infringement, unfair competition under Ohio law, and violations of the Ohio Deceptive Trade Practices Act.  Tacori later amended its complaint to add a claim for contributory copyright infringement.  All of Tacori's claims arise from Rego's sale of certain engagement and wedding rings that, according to Tacori, infringe Tacori's copyrighted ring design and are confusingly similar to rings that Tacori designs and manufactures.  Tacori claims that Rego purchased the infringing rings from Beverlly, a Hong Kong corporation involved in jewelry manufacturing and wholesaling.

Rego has taken the position that both Rego and Tacori actually purchased rings from Beverlly <u>before</u> Tacori obtained a property interest in the ring design.  According to Rego's counsel, therefore, Rego not only has a valid defense to Tacori's claims in this litigation, but Beverlly also has affirmative claims against Tacori for infringing Beverlly's intellectual property rights. On August 17, 2006, Tacori and Beverlly separately filed lawsuits against each other in federal court.  Tacori filed a complaint in the Central District of California and Beverlly filed a complaint in the Northern District of Ohio.  Beverlly's case against Tacori in this forum has been transferred to the undersigned as related to this litigation, and Rego has filed a motion to consolidate the two cases. The parties have also indicated an intention to seek transfer of one or both of the Tacori/Beverlly disputes as between this Court and the Central District of California.  The only issue the Court now addresses, however, is whether Beverlly can intervene in this pending matter.  The Court concludes that intervention is not appropriate in this case.

y
z

## II. DISCUSSION

### A. Applicable Law

Rule 24(b)(2) of the Federal Rules of Civil Procedure, the subsection under which Beverlly seeks intervention, provides that:

> Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant's claim or defense and the main action have a question of law or fact in common.

If a court finds that (1) a motion to intervene under Rule 24(b) is timely and (2) that the claim of the potential intervenor has a question of law or fact in common, the court must then balance any undue delay or prejudice that permitting the intervention might cause to the original parties. *U.S. v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). In addition, Rule 24 should be construed to avoid multiplicity of suits and to promote judicial economy. Ultimately, a motion for permissive intervention under Rule 24(b) is at the sound discretion of the trial court. *See Myer Goldberg, Inc. of Lorain v. Goldberg*, 717 F.2d 290, 294 (6th Cir. 1983).

### B. Analysis

Although Beverlly's claims clearly have a question of law or fact in common with Tacori's claims against Rego, the Court finds that permitting Beverlly to intervene in this lawsuit would vastly and needlessly expand the scope of this lawsuit and cause undue delay to the original parties. The present lawsuit, which was filed on September 23, 2005, has been pending for almost one year, and discovery has progressed for at least nine months. While Tacori's claims against Rego necessarily involve some discovery directed at Beverlly, it is only a small portion of the discovery that will be required to fully develop Tacori's claims against Beverlly and vice versa. Rego apparently is one of many purchasers of Beverlly's rings.

3

Whereas Beverlly's involvement in the present case relates only to its business interactions with Rego and, to some extent, Tacori, the dispute between Tacori and Beverlly will relate to Beverlly's business interactions with <u>all</u> of its purchasers in the United States. In short, permitting Beverlly to intervene in this case will delay this case unnecessarily and involve issues that are peripheral to the dispute between Tacori and Rego. For those reasons, the Court must deny Beverlly's Motion to Intervene.[2]

### III. CONCLUSION

For the reasons articulated above, Beverlly's Motion to Intervene is **DENIED**.

**IT IS SO ORDERED.**

                                                 **s/Kathleen M. O'Malley**
                                                 **KATHLEEN McDONALD O'MALLEY**
                                                 **UNITED STATES DISTRICT JUDGE**

**Dated: September 7, 2006**

---

[2] The Court also notes that Beverlly can avail itself, and, indeed, has availed itself, of another adequate remedy. As mentioned above, it has filed a separate lawsuit against Tacori in the Northern District of Ohio that has been transferred to the undersigned, and Beverlly has been named as a defendant by Tacori in a suit filed in the Central District of California. Beverlly, therefore, will be able to assert its claims against Tacori in some forum.