IN THE UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TACORI ENTERPRISES**, | ) | |
| | ) | Case No. 1:05CV2241 |
| Plaintiff, | ) | |
| | ) | Judge O'Malley |
| v. | ) | |
| | ) | **DEFENDANT REGO'S MOTION TO** |
| | ) | **VACATE THE STIPULATED ORDER** |
| **REGO MANUFACTURING**, | ) | **ENTERED MARCH 6, 2006 UPON THE** |
| | ) | **BASIS OF MISTAKE OF FACT** |
| Defendant. | ) | |

NOW COMES the Defendant, *Rego Manufacturing*, by and through undersigned counsel, and hereby submits their motion to vacate the Stipulated Order regarding Defendant's purchase and sale of allegedly infringing items entered on March 6, 2006 (Doc. No. 14). This motion is supported by the herein below memorandum in support. The Stipulated Order of March 6, 2006 should be vacated because Rego is entitled to relief from the order upon the basis of mistake of fact.

                          Respectfully submitted,

                          **TIMOTHY A. SHIMKO & ASSOCIATES**

                          ____/s/ Timothy A. Shimko_____
                          **TIMOTHY A. SHIMKO (0006736)**
                          **DAVID A. WELLING (0075934)**
                          2010 Huntington Bldg., 20th Floor
                          925 Euclid Avenue
                          Cleveland, Ohio 44115
                          Tel.   (216) 241 – 8300
                          Fax   (216) 241 – 2702

                          *Counsel for the Defendant*

**MEMORANDUM IN SUPPORT**

**I.     Statement of Relevant Facts and Procedural History**

The Defendant, Rego Manufacturing, is a jewelry manufacturer and wholesaler located in Bucyrus, Ohio. It markets its own designs to retail establishments worldwide and also purchases other manufacturers' designs for sale to its distribution network. The Plaintiff, Tacori Enterprises, is also a jewelry manufacturer marketing to wholesalers, retailers, and consumers.

Tacori claims to have been the designer and intellectual property owner of a certain design of engagement and wedding rings it refers to as Crescent Silhouette Rings, or the "Tacori Look." In this lawsuit, Tacori claims that certain rings that Rego purchased in Hong Kong and resold in the United States infringed upon Tacori's intellectual property rights. In general, Tacori alleges that Rego committed infringing acts prohibited by 15 U.S.C. §§ 1051 et seq. and 17 U.S.C §§ 101 et seq.

In their defense, Rego takes the position that Tacori has no protectable intellectual property interest because the rings at issue have been in the public domain prior to the time Tacori alleges to have created the designs. Rego also contends that the ring designs are generic and commonplace and have been bought and sold in the marketplace worldwide by many different manufacturers for years.

On March 6, 2006, the parties entered into a Stipulated Order (Doc. No. 14). The Stipulated Order related to Rego's purchase and sale of allegedly infringing items. At the time Rego entered into the Stipulated Order, Rego believed that the only ring styles at issue in this lawsuit, and thus the only ring styles at issue in the Stipulated Order were Rego ring style Nos. 5064 and 5065. Rego's belief on this point was based on the fact that Tacori's cease and desist letter of March 2, 2005 depicted Rego ring style Nos. 5064 and 5065. Based on this, it has been

2

Rego's belief all along that this case dealt with style Nos. 5064 and 5065. And, during his deposition on July 13, 2006, Mr. Ken Kincaid, President of Rego, made it clear to Tacori's counsel of what Rego interpreted the scope of this case to include:

> Q. And Rego rings is defined as the rings identified as page 1 of Exhibit 1?
> A. No. The rings are as defined by the cease and desist order.
> Q. So when you answered request for admission number 11, what did You understand "Rego rings" to mean?
> A. I understood it to mean the rings from the March 2, 2005 cease and desist letter.
> MR. SHIMKO: Let the record reflect that that letter refers to a couple of pictures that were attached to it that don't appear to be attached to this letter in Exhibit 3.
> Q. The rings identified in the cease and desist letter are you saying are The rings that were attached copies of – strike that.
> Do you recall what the rings that were pictured on the attachment to the cease and desist letter were?
> A. Yes, sir.
> Q. What rings were those?
> A. I don't have Beverlly's number n front of me. I have our style number.
> Q. What's your style number?
> A. 5064, 5065.
> Q. After March 3, 2005, did Rego stop selling ring style 5064 and 5065?
> A. Yes, sir.

<u>(K. Kincaid Dep. Tran. at P. 43 L. 3 – P. 44 L. 6.)</u>

Believing the Stipulated Order encompassed Rego ring style Nos. 5064 and 5065, Rego entered into the agreed order. As of recent, Tacori has attempted to broaden the scope of the Stipulated Order to include a number of ring styles that Rego did not know were at issue in this case, including other rings manufactured by Beverlly and rings manufactured by the Legend Company. Rego now seeks relief from the Stipulated Order upon the basis of mistake of fact.

3

**II.     Law & Analysis**

A district court's power to rescind, reconsider, or modify an interlocutory order over which it has jurisdiction is derived from the common law, and not from Federal Rules of Civil Procedure. *City of L.A. v. Santa Monica BayKeeper* (9th Cir. 2001), 254 F.3d 882, 885; See also, *Melancon v. Texaco, Inc.* (5th Cir. 1981), 659 F.2d 551, 553. Interlocutory orders are not controlled by Rule 60(b) since the rule only applies to final orders. *Broadway v. Norris* (8th Cir. 1999), 193 F.3d 987, 988-989. A district court has plenary powers over its interlocutory orders to reconsider, revise, alter, or amend the orders based on common law, and not subject to the limitations of the Federal Rules. *Toole v. Baxter Healthcare Corp.* (11th Cir. 2000), 235 F.3d 1307, 1315.

In this case, the parties entered into the Stipulated Order governing Rego's purchase and sale of allegedly infringing rings. The Court approved the Stipulated Order and entered it on the docket on March 6, 2006 (Doc. No. 14). When entering the consent order, Rego believed the scope of the order was limited to Rego ring style Nos. 5064 and 5065, which were the same style numbers subject of the March 2, 2005 cease and desist. During a deposition on July 13, 2006, Rego's president made it clear to Tacori what Rego believed the scope of the case to include. (K. Kincaid Dep. Tran. at P. 43 L. 3 – P. 44 L. 6.)

Recently, Tacori has taken the position that the Stipulated Order is much broader, including other Beverlly designs and Legend Company designs. At this point, based on Rego's belief on what the scope of this case has been, which has been consistent throughout these proceedings, Rego is entitled to relief from the March 6, 2006 order. Otherwise, Tacori could suggest that Rego has violated the order, which would be unfair and prejudicial given Rego's consistent belief as to which designs were the scope of this case. If the Court is inclined to

4

construe the Stipulated Order as broader than as Rego has perceived, which it has so indicated, then Rego is entitled to relief upon the basis of mistake of fact. At a minimum, the Stipulated Order needs to be amended or modified so that the scope of the order is given effect from this point forward. Otherwise, Rego could be punished retroactively for doing what it thought was permitted. And, Rego had made its position clear all along on what it thought the order meant.

### III.  Conclusion

Wherefore, pursuant to the common law, Rego respectfully requests that the Court vacate the Stipulated Order entered March 6, 2006 (Doc. No. 14). *City of L.A., supra*. In the alternative, at a minimum, the order should be revised, altered, or amended so that Rego cannot be retroactively punished for a mistake of fact.

Respectfully submitted,

**TIMOTHY A. SHIMKO & ASSOCIATES**


    /s/ Timothy A. Shimko
**TIMOTHY A. SHIMKO (0006736)**
**DAVID A. WELLING (0075934)**
2010 Huntington Bldg., 20th Floor
925 Euclid Avenue
Cleveland, Ohio 44115
Tel.    (216) 241 – 8300
Fax    (216) 241 – 2702

*Counsel for the Defendant*

## **CERTIFICATE OF SERVICE**

This is to certify that on this 11th day of May, 2007 that a copy of the foregoing was sent via the Court's electronic filing system to all parties and/or counsel of record:

Robert F. Ware
Samer M. Musallam
*Thompson Hine LLP*
3900 Key Center
127 Public Square
Cleveland, Ohio 44114

Howard A. Kroll
Christie, Parker & Hale, LLP
350 W. Colorado Blvd., Suite 500
Pasadena, California 91105

*Counsel for the Plaintiff*


    /s/ Timothy A. Shimko
**TIMOTHY A. SHIMKO (0006736)**
**DAVID A. WELLING (0075934)**

*Counsel for the Defendant*