UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TACORI ENTERPRISES,** | : | **Case No. 1:05cv2241** |
| Plaintiff, | : | **JUDGE O'MALLEY** |
| v. | : | |
| **REGO MANUFACTURING,** | : | **ORDER** |
| Defendant. | : | |

Before the Court is a *Motion for Protective Order/Motion to Quash 30 Subpoenas Issued by Plaintiff to Rego's Customers* (Doc. 72) filed by Defendant Rego Manufacturing ("Rego"). The Court ruled on the subject matter of this motion when it DENIED Rego's oral motion to quash these same subpoenas after extensive argument by the parties. (Doc. 70). Accordingly, the Court treats the present motion as a motion for reconsideration of its earlier ruling. Because Rego presents the same arguments it previously raised, and the same arguments that the Court previously rejected, the Court **DENIES** Rego's motion.

**I.   BACKGROUND**

The Court became aware of this discovery dispute when counsel for Rego copied the Court on an email to counsel for Plaintiff Tacori Enterprises ("Tacori"). In the email, Rego's counsel demanded that Tacori withdraw subpoenas Tacori had issued to Rego's retail customers seeking information regarding end-consumers who purchased certain of Rego's ring styles. The email indicated that, "[i]f you do not [withdraw the subpoenas], in short order we

will approach the Court for an emergency hearing on this out-and-out discovery abuse." In response, Tacori indicated that it believed the subpoenas were directed at relevant information because Rego has taken the position that there has been no "actual confusion" in this case, a factor of the likelihood of confusion test that courts employ in determining whether there is trade dress infringement. *See Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Inc.*, 670 F.2d 642, 648 (6th Cir. 1982); *see also Gray v. Meijer, Inc.*, 295 F.3d 641, 645-46 (6th Cir. 2002) (applying *Frisch* factors to trade dress claim). Tacori indicated that "[w]e also would be happy to appear before the Court to discuss this matter further."

Pursuant to Local Rule 37.1, the Court held a telephone conference on Friday, July 13, 2007 with the parties to attempt to resolve the discovery dispute. At that time, the parties further articulated their respective positions regarding the relevance of and burdens posed by the outstanding discovery. That attempt was not successful. Because the compliance date for the subpoenas was July 23, 2007, and because of the relative simplicity of the issues presented in the dispute, the Court decided to give the parties an oral ruling in lieu of requiring the parties to outline their respective positions, this time by letter to the Court (as distinct from the earlier letters to each other via email). On Monday, July 16, 2007, the Court informed the parties that it would not quash the subpoenas and provided a rationale for its decision. To preserve a complete record, the Court memorialized its ruling by written order on July 17, 2007. (Doc. 70).

Thereafter, Rego filed the present motion for a protective order and to quash the subpoenas. Because nothing in the present motion compels the Court to change its earlier ruling, the motion must be denied.

2

**II. ANALYSIS**

In its present motion, Rego first argues that the subpoenas are not directed at relevant information because Tacori "does not have any trade dress." (Doc. 72 at 5.) This argument is based solely on the deposition testimony of Mr. Haig Tacorian, the co-founder of Tacori, in which Mr. Tacorian said that Tacori rings did not have distinctive packaging at the time of Rego's alleged infringing sales, and that he personally was not contacted regarding actual confusion from customers. Putting aside the fact that a discovery dispute is not the appropriate procedural context in which to challenge the merits of a properly pleaded trade dress infringement claim, Rego's arguments are without merit.

Rego argues that Tacori has admitted that it has no trade dress in this case because Mr. Tacorian testified at his deposition that he did not distribute his rings in distinctive packaging containers at the time the alleged infringing sales occurred. Rego's position apparently is that, unless there was a package for the rings, there can be no trade dress. That position is not supported by Rego's own cite to Black's Law Dictionary for the definition of trade dress, which does not limit trade dress to packaging but defines it as "[t]he total appearance and image of a product, including features such as size, texture, shape, color." It is also not supported by applicable case law. *See Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 209 (2000) (explaining that trade dress is "a category that originally included only the packaging, or 'dressing,' of a product, but in recent years has been expanded by many Courts of Appeals to encompass the design of a product"); *Abercrombie & Fitch Stores, Inc. v. American Eagle Outfitters, Inc.*, 280 F.3d 619, 630 (6th Cir. 2002) ("'[T]rade dress' has taken on a more expansive meaning and includes the design and appearance of the product . . .").

Indeed, in *Abercrombie*, the Sixth Circuit explained that, "[b]ecause we can conceive of no 'thing' inherently incapable of carrying meaning, any 'thing' can come to distinguish goods in commerce and thus constitute a mark within the meaning of the Lanham Act. In short: any 'thing' that dresses a good can constitute trade dress." *Abercrombie*, 280 F.3d at 630 (citations omitted). Clearly, the lack of specialized packaging containers does not mean that Tacori has no trade dress. Because Tacori's alleged trade dress can consist of more than the packaging of the rings, Rego's position is without merit.

In addition, Rego argues that there is no evidence of actual confusion in this case because Mr. Tacorian testified at his deposition that no one had contacted him to inform him that they were actually confused about purchasing a ring that they thought was a Tacori ring. As the Court previously explained to counsel for Rego, Mr. Tacorian's personal experiences are not dispositive of the issue of actual confusion. His experiences may be evidence of the absence of actual confusion, but it is evidence which Tacori is entitled to rebut. Indeed, the subpoenas at issue are directed precisely at obtaining information to rebut any claimed absence of actual confusion, and there is no question that the type of evidence Tacori seeks is appropriate evidence of actual confusion. *See* 6 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 32:184 (4th ed. 2007) ("Direct evidence of actual confusion can come only from such sources as misdirected phone calls or letters or even from that rarest of evidence, the testimony of someone willing to testify that they were once a confused customer.") (emphasis added). As such, Rego's argument must fail.

In addition, Rego argued in its initial email and during the telephone conference, though not in its present motion, that the subpoenas should be quashed because they were

4

issued for the improper purpose of harassment. The Court reiterates the reasons why it disagrees with that position. First, Rego has not demonstrated any prior pattern of harassment by Plaintiff in this case. Second, there are a finite number of subpoenas at issue, and they seek only two items of information: (1) invoices and purchase orders reflecting the sales of four types of Rego ring styles; and (2) documents reflecting the contact information of customers who purchased any of those four ring styles. Third, it appears that they allow responses without physical appearances. Finally, Tacori reasonably has an interest in seeking discovery from the most direct sources possible because at least some information provided by Rego in this case has proven to be unreliable (Rego itself has been forced to withdraw reliance on it, *see* Doc. 49). Accordingly, the Court does not find that these subpoenas were served for the improper purpose of harassment and, thus, should not be quashed on that ground.

### III. CONCLUSION

For the reasons outlined above, and the reasons explained by the Court when it orally denied Rego's request to quash the subpoenas, Rego's *Motion for Protective Order/Motion to Quash 30 Subpoenas Issued by Plaintiff to Rego's Customers* (Doc. 72) is hereby **DENIED**.[1]

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
KATHLEEN McDONALD O'MALLEY
UNITED STATES DISTRICT JUDGE

**Dated: August 1, 2007**

---

[1] Because the Court denies Rego's motion, Tacori's motion for an extension of time to respond to Rego's motion (Doc. 75) is **TERMED as moot**.