UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **TACORI ENTERPRISES,** | Case No. 1:05CV2241 |
| Plaintiff, | Judge O'Malley |
| vs. | |
| **REGO MANUFACTURING,** | |
| Defendant. | |

**MEMORANDUM OF TACORI ENTERPRISES IN OPPOSITION TO REGO MANUFACTURING'S MOTION FOR SUMMARY JUDGMENT**

**I.      INTRODUCTION**

Plaintiff Tacori Enterprises ("Tacori") moved for partial summary judgment on the validity of the copyright registration for its HT 2229 ring design. Defendant Rego Manufacturing ("Rego"), in an unconventional pleading, filed with the Court one document that contained both its Opposition to Tacori's motion and Rego's own motion for summary judgment.[1] Rego, unfortunately, did not identify which of the issues it raised related to opposing Tacori's motion and which issues related to Rego's own motion.

To the extent that Rego's pleading addressed the validity of Tacori's copyrights, which comprised most of Rego's document, Tacori treated those portions as Rego's Opposition to Tacori's motion and filed a Reply Memorandum addressing the issues raised by Rego.[2] (Dkt. # 102.) The remaining issue raised by Rego's pleading is the validity of the Tacori Trade Dress. (Rego Motion/Opposition, pp. 8-10, 21-22.) Therefore, Tacori will address solely that issue in

---

[1] By filing both a memorandum in support of its motion for summary judgment and an opposition to Tacori's motion for partial summary judgment, Rego appears to have attempted to evade the Northern District of Ohio's local rules governing page limits for dispositive motions. Rego's pleading exceeded the page limits proscribed by L.R. 7.1(f), and did not contain a table of contents, table of authorities or brief statement of the issues to be decided, as required for all memoranda exceeding 15 pages in length. Rego further violated L.R. 7.1(f) by failing to file a certification of compliance with this rule. As set forth in L.R. 7.1(f), the "[f]ailure to comply with these provisions may be sanctionable at the discretion of the Judicial Officer."

[2] If Rego also intended to move for summary judgment on the invalidity of Tacori's copyrights, Tacori incorporates the arguments raised in its Reply Memorandum into this Opposition.

its Opposition.

## II. ARGUMENT

Rego raises three separate arguments as to why the Tacori Trade Dress is invalid. Each of these arguments fails as a matter of law and, as such, the Court should deny Rego's Motion.

First, Rego claims, without any legal support, that Tacori cannot bring its action for trade dress infringement because Tacori does not have a federal trademark registration. (Rego Motion/Opposition, pp. 8-9, 21-22.) Rego is mistaken. *See* 15 U.S.C. § 1125(a)(1); *Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 768, 120 L. Ed. 2d 615, 112 S.Ct. 2753 (1992) ("[I]t is common ground that § 43(a) protects qualifying unregistered trademarks").

Second, Rego claims that the Patent and Trademark Office rejected Tacori's application to register its trade dress. (Rego Motion/Opposition, pp. 8-9, 21.) Rego fails to inform the Court, however, that the Trademark Office has issued a Notice of Publication of the Tacori Trade Dress under 15 U.S.C. § 1062(a). This Notice of Publication reflects that the examiner has determined that Tacori "is entitled to registration" of its trade dress. *Id.*

Finally, Rego claims, without any legal or factual support, that the Tacori Trade Dress is not distinctive. (Rego Motion/Opposition, p. 22.) Tacori acknowledges that it must show that its trade dress has secondary meaning in order to obtain relief for trade dress infringement. The determination of secondary meaning is a question of fact, and therefore usually inappropriate in a summary judgment context. *American Scientific Chem v. American Hosp. Supply,* 690 F.2d 791, 792 (9th Cir. 1982). Nonetheless, the facts show that the Tacori Trade Dress has acquired distinctiveness for the following reasons:

- **Direct Consumer Testimony** (*Echo Travel, Inc. v. Travel Associates, Inc.,* 870 F.2d 1264, 1267 (7th Cir. 1989)). A number of Tacori's customers, and potential consumers of Tacori's rings bearing the Tacori Trade Dress, have written letters and emails which evidence that the Tacori Trade Dress is recognized by those consumers as a trademark of Tacori. (Declaration of Haig Tacorian, ("Tacorian Dec."), ¶¶ 4, 8 and Exhibits A and B to the Tacorian Dec.).

- **Exclusivity, Length and Manner of Use** (*Echo Travel, Inc.,* 870 F.2d at 1267). Tacori has exclusively and continuously used its trade dress in commerce since 1999. (Tacorian Dec., ¶ 2). The fact that Tacori has used its trade dress for more than 5 years is *prima facie* evidence that the Tacori Trade Dress is distinctive. 15 U.S.C. §1052(f). Furthermore, Tacori has sent over 125 cease and desist letters to ensure that its trade dress is exclusive to Tacori. It should be noted that Tacori has been able to obtain consent judgments and/or admissions from most of these infringers that the Tacori Trade Dress is valid and enforceable. (Tacorian Dec., ¶ 10).

- **Amount and Manner of Advertising** (*Echo Travel, Inc.,* 870 F.2d at 1267; *Burke-Parsons-Bowlby v. Appalachian Log Homes,* 871 F.2d 590, 596 (6th Cir. 1989)). Tacori has actively advertised its rings that bear the Tacori Trade Dress in the major magazines and other venues that advertise these types of goods. These magazines and websites include the following: BRIDAL GUIDE MAGAZINE, BRIDES MAGAZINE, COSMOPOLITAN, ELEGANT BRIDE, ELLE MAGAZINE, HARPER'S BAZAAR, INSTYLE, MARIE CLAIRE, MODERN BRIDE, TOWN & COUNTRY, THEKNOT.COM, and WEDDINGCHANNEL.COM. These magazines and websites are read and viewed by millions of consumers around the country and have very wide circulation, especially among consumers in the market for fine diamond jewelry, particularly for bridal jewelry. To date, Tacori has spent millions of dollars advertising jewelry that contains the Tacori Trade Dress. (Tacorian Dec., ¶ 5).

- **Amount of Sales and Number of Customers** (*Echo Travel, Inc.,* 870 F.2d at 1267; *Burke-Parsons-Bowlby,* 871 F.2d at 596). Tacori has sold over 15,000 separate pieces of jewelry bearing the Tacori Trade Dress, with sales surpassing tens of millions of dollars. (Tacorian Dec., ¶ 7).

- **Established Place in the Market** (*Echo Travel, Inc.,* 870 F.2d at 1267). Tacori

sells jewelry bearing the Tacori Trade Dress to over 500 authorized dealers throughout the United States spread out throughout 48 states, with authorized dealers everywhere except for North Dakota and Wyoming. (Tacorian Dec., ¶ 7).

- **Proof of Intentional Copying** (*Echo Travel, Inc.,* 870 F.2d at 1267; *Esercizio v. Roberts,* 944 F2d 1235, 1239 (6th Cir. 1991); *Libbey Glass, Inc. v. Oneida Ltd.,* 61 F. Supp. 2d 700, 708 (N.D. Ohio 1999). Intentional and blatant copying of Tacori's jewelry bearing the Tacori Trade Dress by jewelry manufacturers and sellers has been widespread. In fact, there have been a number of websites that promote "Tacori Inspired" copies of Tacori's rings that bear the Tacori Trade Dress. (Tacorian Dec., ¶¶ 9, 10 and Exhibit C to the Tacorian Dec.).

- **Unsolicited Media Coverage** (*Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc.,* 973 F.2d 1033 (2nd Cir. 1992)). Tacori has received a considerable amount of unsolicited media coverage of its rings that contain the Tacori Trade Dress. For example, last year Tacori received the JQ Retailers' Choice Designer Award in the bridal category. (Tacorian Dec., ¶ 11).

Since the Tacori Trade Dress has acquired distinctiveness, Tacori will be able to establish that its trade dress is valid and enforceable. Therefore, Rego's Motion for Summary Judgment, seeking to invalidate the Tacori Trade Dress, should be denied.

### III. CONCLUSION

For the reasons set forth above, the Court should deny Rego's Motion for Summary Judgment on the invalidity of the Tacori Trade Dress.

DATED: February 4, 2008 Respectfully submitted,

                                By     /s/ Samer M. Musallam
                                      Robert F. Ware (0055515)
                                          Rob.Ware@ThompsonHine.com
                                      Samer M. Musallam (0078472)
                                          Samer.Musallam@ThompsonHine.com
                                      **Thompson Hine LLP**
                                      3900 Key Center, 127 Public Square
                                      Cleveland, Ohio 44114-1291
                                      Phone: 216.566.5500
                                      Fax: 216.566.5800

                                      Howard A. Kroll (Admitted *pro hac vice*)
                                          Howard.Kroll@cph.com
                                      **Christie, Parker & Hale, LLP**
                                      350 West Colorado Blvd., Suite 500
                                      Post Office Box 7068
                                      Pasadena, California 91109-7068
                                      Phone: 626.683.4527
                                      Fax: 626.577.8800

                                      *Attorneys for Plaintiff Tacori Enterprises*

-6-

## CERTIFICATE OF SERVICE

I hereby certify that that the foregoing *Memorandum of Tacori Enterprises in Opposition to Rego Manufacturing's Motion for Summary Judgment* was filed electronically on February 4, 2008. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's System.

/s/ Samer M. Musallam

*One of the Attorneys for Plaintiff Tacori Enterprises*