**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TACORI ENTERPRISES,** | : | **Case No. 1:05cv2241** |
| Plaintiff, | : | **JUDGE O'MALLEY** |
| v. | : | |
| **REGO MANUFACTURING,** | : | **ORDER** |
| Defendant. | : | |

This matter arises on Plaintiff Tacori Enterprises' ("Tacori") *Notice of Submission of Documentation of Fees and Expenses* ("Notice of Fees") (Doc. 113). The Court recently granted Tacori's motion for sanctions (*see* Doc. 111) and directed Tacori to file the Notice of Fees so that the Court could determine an appropriate sanction. Defendant Rego Manufacturing ("Rego") has objected to Tacori's submission (Doc. 116). Tacori has responded (Doc. 119).[1]

For the reasons outlined briefly below, which are to be read in conjunction with the Court's prior written order relative to Tacori's motion for sanctions (Doc. 111), the Court concludes that the appropriate sanction **against Rego is $40,046.14**.

**I.    DISCUSSION**

As an initial matter, the Court observed in its order granting Tacori's motion for sanctions that the parties repeatedly have diverted the Court's attention away from the merits of the underlying

---

[1] Tacori attached to its response the declaration of Mr. Haig Tacorian (*see* Doc. 119-2). Thereafter, Tacori sought leave to file an amended declaration (by Mr. Tacorian) because the originally filed version bore an incorrect case caption (*see* Doc. 120). On April 15, 2008, the Court granted Tacori leave to file an amended declaration. The Court views the amended declaration (Doc. 120-2), therefore, as the appropriate exhibit to Tacori's response (at Doc. 119).

dispute by fighting – more often than not in an unprofessional manner – over almost everything. Warning that such filings will receive summary resolution in the future, the Court cautioned the parties that it will not further tolerate filings (or conduct) that serve only to complicate this litigation unnecessarily. *See* Doc. 111 at p. 1. For the most part, as accurately outlined in Tacori's response (Doc. 119), Rego's objections are both weak and vitriolic, not what the Court would have expected in the face of its earlier expressions of concern. For this reason alone, the objections warrant only brief attention.

The Court provided that Tacori could only recover fees and expenses incurred in connection with <u>responding to Rego's motion for leave to assert counterclaims</u>, and <u>moving for sanctions</u>.[2] Doc. 111 at p. 22. Relative to those items, Tacori seeks a total of $40,046.14. This figure derives from the work of five lawyers (and one summer associate) at two firms. In sum, Tacori seeks:

> (1) *approximately* $17,700 for reviewing and analyzing Rego's motion for leave to assert counterclaims, researching all relevant issues, and drafting an opposition brief;
>
> (2) *approximately* $12,000 for researching and drafting Tacori's Rule 11 motion for sanctions;
>
> (3) *approximately* $7,500 for reviewing and analyzing Rego's opposition to the motion for sanctions, and drafting a reply brief; and[3]
>
> (4) *approximately* $2,700 for computer research expenses.

---

[2] The Court limited Tacori's recovery to reasonable fees incurred in connection with the *original* briefs (*i.e.*, motion and reply brief).

[3] As discussed *infra*, Rego ignores fees and expenses attributed to this reply brief in its objections.

2

Rego has asserted three objections, none of which warrants a reduction (in whole or in part) of the amount Tacori requests.[4]

### A.     Rego Challenges Attorney Howard Kroll's Declaration.

Rego first argues that one of Tacori's attoneys, Howard Kroll, has misrepresented his hourly rate in his declaration, thereby committing a fraud on the Court. Rego argues, therefore, that Tacori should receive *nothing*. Of note, Rego does not claim *any particular* rate is unreasonable, only that the one used allegedly is fabricated. Mr. Kroll declares that his 2006 rate was $480 per hour.[5] Rego argues, however, that Mr. Kroll's 2006 rate was actually $375 per hour. Rego's accusation rests completely on a single statement made by Mr. Haig Tacorian at his deposition. Mr. Tacorian was asked if he knew what rate he was paying for legal representation. He responded, "I *believe* it's $375 an hour" (emphasis added). Mr. Tacorian has since filed a declaration indicating that, having reviewed his records, his qualified "belief" at his deposition was simply incorrect. According to Mr. Tacorian as well, Mr. Kroll's hourly rate in 2006 was $480 per hour. *See* Doc. 120-2.

This affidavit, along with Mr. Kroll's, would seem to put an end to Rego's accusations of fraud. Even without Mr. Tacorian's clarifying declaration, however, his *qualified* deposition testimony does not prove – as Rego argues – that Mr. Kroll misrepresented anything. At best, the testimony establishes that, at the time it was given, Mr. Tacorian "believed" the 2006 rate was $375 per hour. At best, this testimony presents a possible inconsistency to which Rego could have

---

[4] Rego does not challenge "expenses" (*i.e.*, computerized research) sought by Tacori; Rego's objections relate only to fees (*i.e.*, hours billed). The Court's discussion herein, therefore, relates only to "fees."

[5] All relevant fees and expenses were incurred in 2006.

pointed in its objections; it hardly justifies an unqualified accusation of fraud on the Court in a public filing.

Ultimately, the Court finds this objection to be baseless. The Court declines Rego's invitation to rethink its sanctions order on this ground.

**B.     Rego Claims Tacori's Fees Are Excessive.**

Next, Rego argues that the amount requested is, on its face, "shockingly excessive" given the nature of the facts and law addressed in the qualifying briefs to which the fees relate. Of note, Rego does not argue that Tacori seeks fees for unqualified work; it simply argues that, on their face, the fees sought are not commensurate with the resulting work product. Rego frames this argument by contending that the requested sanction relates to the preparation of only two short documents – namely, a thirteen-page opposition brief (to Rego's motion for leave to assert counterclaims), and a nine-page motion for sanctions.

Rego's description of the qualifying work product is incomplete, however. Rego ignores Tacori's original reply brief in support of its motion for sanctions (Doc. 45), which clearly is a qualifying brief for purposes of the sanction calculation. Thus, Rego's "excessiveness" argument is undercut by its failure even to consider all qualifying work product. Further, because the Court concludes *infra* that the fees sought are reasonable (*i.e.*, not duplicative), in any event, they cannot be characterized as excessive. Rego's argument is unpersuasive.

**C.     Rego Claims That Hours Billed Are Duplicative.**

Finally, Rego argues that Tacori's attorneys duplicated their efforts in both time and task. Again, it is important to note what Rego does not argue. Rego does not argue that any given attorney's billings for given tasks are independently unreasonable; it only contends that more than

4

one attorney billed for doing the same task. Tacori responds that Rego's interpretation of the bills is simply wrong. For example, Rego argues that various "research" entries relate to the exact same issue. Having reviewed the bills, the Court agrees with Tacori that Rego has taken significant liberties in lumping research narratives together in support of the conclusion that the research relates to the same issue. While different attorneys no doubt conducted research relative to the same brief(s), that does not mean that they were researching the same things. In this regard, Tacori's reply parses out the various issues assigned to the various billing attorneys. The same is true for "drafting" and "analysis" entries. To conclude that two entries for "drafting" or "research" *necessarily* evidences double billing is unsound.

Tacori admits that its national and local counsel (*i.e.*, two firms) collaborated in preparing the qualifying briefs, but notes that each firm was independently responsible for different portions of each project. This is not an uncommon practice, as Rego is no doubt aware. While such an approach may not always be the most efficient because it *may* require some additional effort to harmonize each firm's contribution, that does not necessarily make the approach unreasonable.

Based upon the Court's independent review of the billing records, as well as its first-hand familiarity with the factual and legal issues involved, the Court concludes that Tacori's attorneys' billings are not duplicative.[6] Given the circumstances of this case, the Court further concludes that

---

[6] As the Court outlined in its prior order, following Tacori's reassertion of its *fully-briefed* motion for sanctions (which the Court had termed subject to reassertion – *see* Doc. 52), Rego filed what was essentially a second opposition brief. *See* Doc. 64. Rego was not granted leave to file an additional brief, nor did Rego seem to have any legitimate basis for doing so because Tacori did not present any additional argument when it reasserted its sanctions motion. Rego's second opposition brief understandably prompted a response by Tacori. For the reasons noted in this Court's earlier order, despite its genesis, Tacori is not being permitted to recover fees in connection with that brief.

5

the fees Tacori seeks are reasonable.

## II. CONCLUSION

The Court finds that the qualifying fees and expenses Tacori requests are neither excessive nor unreasonable, Rego's arguments to the contrary notwithstanding. Accordingly, and in conjunction with the Court's prior written order relative to Tacori's motion for sanctions (Doc. 111), the Court concludes that the appropriate sanction is **$40,046.14**. Rego and its counsel are **HEREBY ORDERED** to remit the foregoing amount to Tacori (through Tacori's counsel) within eleven (11) days of the date of this Order.[7]

**IT IS SO ORDERED.**

*s/ Kathleen M. O'Malley*
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: May 5, 2008**

---

[7] In its earlier order, the Court concluded that sanctions were appropriate against both Rego and its counsel. The Court did not, however, specify the proportion that each should bear. Because the conduct giving rise to the sanction was at Rego's behest and based on information Rego itself obtained or solicited from its owns supplier, the Court finds that Rego should bear the bulk of the sanction. Because counsel failed to conduct any reasonable investigation into the information provided by his client, however, he must bear some portion of the sanction as well. Accordingly, the sanction should be borne 2/3 by Rego and 1/3 by counsel.